UNITED STATES of America,
Appellee,

v.

Frank ESTRADA, Edward Estrada, Is-
aias Soler, Gloria Vargas, Daniel Her-
redia, Felipe Santana, Tamarius Man-
er, Joseph Butler, Viviana Jiminez,
Kelvin Vereen, Ricardo Rosario, Jer-
maine Jenkins, Makene Jacobs, Ya-
marr Shipman, Pablito Cotto, Benito
Rosario, Nelson Carrasquillo, Charles
Dejesus and Eddie Lawhorn, Defen-
dants,

Michael HILLIARD, Defendant–
Appellant.

No. 04–0276–CR.

United States Court of Appeals,
Second Circuit.

Dec. 3, 2004.

Auden Grogins, Grogins & Grogins, Fairfield, CT, for Appellant.

Alex Hernandez, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney for the District of Connecticut, Alina P. Reynolds and William J. Nardini, Assistant United States Attorneys, on the brief), Bridgeport, CT, for Appellee.

PRESENT: WALKER, Chief Judge, SACK, and HALL, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Michael Hilliard appeals from a judgment entered on December 15, 2003, in the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*) convicting him, following his guilty plea, of conspiring to possess with intent to distribute in excess of 1000 grams of heroin in violation of 21 U.S.C. §§ 846 and 841(a), (b)(1)(a) and sentencing him principally to a term of imprisonment of 330 months. Familiarity with the facts and procedural history is assumed.

■ Hilliard first claims that the district court's finding that 30 kilograms or more of heroin was attributable to him was speculation and error. "The quantity of drugs attributable to a defendant at the time of sentencing is a question of fact for the district court, subject to a clearly erroneous standard of review." *United States v. Hazut*, 140 F.3d 187, 190 (2d Cir.1998); *accord United States v. Richards*, 302 F.3d 58, 68 (2d Cir.2002). The government must prove the amount of narcotics involved by a preponderance of the evidence. *Richards*, 302 F.3d at 68; *United States v. Desimone*, 119 F.3d 217, 228 (2d Cir.1997). We conclude that Hilliard has failed to demonstrate that the district court clearly erred in its quantity finding and sentence enhancement under U.S.S.G. § 2D1.1(c)(1). The district court reasonably relied on trial testimony and interviews with cooperating witnesses to conclude that Hilliard was personally involved in numerous and consistent heroin "bagging" sessions from 1997 through 1999. *See United States v. Blount*, 291 F.3d 201, 214–17 (2d Cir.2002); *United States v. Moore*, 54 F.3d 92, 102 (2d Cir.1995). These conservative estimates based upon "specific evidence" of quantity and regularity are not the type of speculation we forbade in *United States v. Shonubi*, 103 F.3d 1085 (2d Cir.1997).

■ Hilliard also challenges the district court's imposition of a leadership enhancement under U.S.S.G. § 3B1.1(b), contending that he was merely a security guard at these bagging sessions. We review the district court's factual findings with respect to a § 3B1.1 role adjustment for clear error, but review *de novo* the court's determination that these findings support the application of the adjustment. *See United States v. Si Lu Tian*, 339 F.3d 143, 156 (2d Cir.2003); *see also United States v. Vasquez*, 389 F.3d 65 (2d Cir.2004). Section 3B1.1(b) provides for a three-level enhancement "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants and was otherwise extensive." More than sufficient evidence was presented that Hilliard organized and supervised the bagging sessions while armed, was given a budget out of which he paid the baggers and purchased supplies, and shared in a percentage of the profits from these operations. Despite Hilliard's protestations, we conclude that the district court did not err in applying this leadership enhancement. *See* U.S.S.G. § 3B1.1, cmt. n. 2 ("An upward departure may be warranted ... in the case of a defendant who ... exercised management responsibility over the prop-

erty, assets, or activities of a criminal organization."); United States v. Burgos, 324 F.3d 88, 92 (2d Cir.2003) ("A defendant may properly be considered a manager or supervisor if he exercised some degree of control over others involved in the commission of the offense." (internal quotation marks and citation omitted)).

We have carefully considered all of Hilliard's remaining arguments and find them to be without merit.

Accordingly, and for the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

▮ The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (*cert. granted* Aug. 2, 2004), and *United States v. Fanfan,* —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838 (*cert. granted* Aug. 2, 2004).

Should any party believe there is a special need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the Court will not reconsider those portions of its opinion that address the defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan.* In that regard, the parties will have until 14 days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*